STATE OF NORTH CAROLINA AND CITY OF CHARLOTTE v. JAMES R. WALKER (No. 42-311).

(Filed 20 October, 1965.)

**1. Constitutional Law § 13—**

It is within the police power of the State to prescribe minimum standards for the design and construction of buildings for the safety of the occupants, their neighbors and the public at large. G.S. 143-138.

**2. Same;   Municipal Corporations § 25—**

Municipalities have been delegated the police power to prescribe in the interest of public safety minimum standards for the materials, design and construction of buildings, G.S. 160-182, and, in a prosecution for violating a municipal building ordinance by remodeling and repairing without first obtaining a permit in violation of the ordinance, attack of the ordinance on the ground of lack of authority of the municipality and of the Legislature to promulgate the regulations is untenable.

APPEAL by defendant, James R. Walker, from *McLean, J.,* February 15, 1965 Special "A" Criminal Session, MECKLENBURG Superior Court.

This criminal prosecution originated in the Recorder's Court of the City of Charlotte. The Superintendent of Building Inspection of the City, by affidavit, charged that on June 23, 1964, the defendant, James R. Walker, unlawfully, maliciously, and wilfully did violate Section 5-4(c) of the City Code by remodeling and repairing his residence located at 1447 South Church Street without first applying for and obtaining a written permit from the Building Inspection Department of the City in violation of G.S. 14-4. The defendant was arrested and brought into Recorder's Court under a warrant based on the Superintendent's affidavit.

At the trial, the defendant moved to quash the warrant and dismiss the prosecution upon the ground  (1)  that Section 5-4(c) is unconstitutional in that it violates the defendant's "inalienable and vested right of use, possession, and maintenance of the residence described in the

warrant . . . and said warrant is in conflict therewith; (2) that the conduct described in the said Code and in the warrant is privileged conduct protected by the North Carolina Constitution . . . and . . . the 14th Amendment to the United States Constitution; (3) that any verdict rendered . . . would be an unconstitutional abridgment . . . of the defendant's rights . . . and immunities as a property owner, . . . (including) defendant's right of renovation and repair of his residence."

The Recorder overruled the motion to quash, heard the evidence offered by the prosecution, consisting of the City Code, testimony as to the dilapidated condition of the defendant's residence, the finding that it was unfit for habitation, beyond reasonable repair, and could be neither altered nor improved so as to meet the minimum requirements of the Charlotte Housing Code. The Superintendent of Building Inspection, upon the findings, ordered the dwelling demolished or removed. The defendant undertook to do repair work himself without applying for or receiving any permit.

The defendant did not testify. However, he offered the City Housing Code (apparently for the purpose of attacking it). The Recorder's Court entered a verdict of guilty. From the judgment imposed, the defendant appealed to the Superior Court.

In the Superior Court the State repeated the evidence and the defendant repeated the motions made and heard before the Recorder's Court. The jury returned a verdict of guilty. Judge McLean imposed a jail sentence of 30 days, suspended on condition that within 30 days the defendant comply with the City Building and Housing Code and pay costs. The defendant excepted and appealed.

*T. W. Bruton, Attorney General, James F. Bullock, Assistant Attorney General for the State.*

*Mitchell & Murphy, Thomas H. Wyche, James R. Walker, Jr., for defendant appellant.*

HIGGINS, J.   The defendant bases his appeal on two assignments of error: (1) The failure of the court to quash the warrant. (2) The failure to direct a verdict of not guilty. Both assignments are grounded on his challenge to the constitutionality of Section 5-4(c) of the Charlotte Building Code, and G.S. 14-4 which makes violation of the Code a misdemeanor.

The defendant, in his brief, says: "The facts of this case are simple and not in dispute. . . . All of the repairs to the defendant's dwelling took place after a break-down in negotiations between the City offi-

cials and the defendant over the requirements of the Code. . . . (We) could not reach any agreement as to the rights and duties of the Inspection Division under the City Code and the right of the defendant to the use and benefit of his dwelling. . . . The defendant appellant contends and argues on this appeal that the property owner and not the City of Charlotte has a vested property right to repairs in connection with the use and enjoyment of his dwelling."

This case is unusual in that neither the City's ordinance requiring a permit for repairs nor the State law which authorizes them and makes the violation of the ordinance a misdemeanor is challenged on the ground that the requirements are arbitrary, capricious, discriminatory, or invalid for any other reason except the lack of authority on the part of the City and of the Legislature to ordain and to enact them. The General Assembly, by G.S. 160-182, specifically authorizes any municipality to exercise its police power to repair, close, or demolish buildings if the municipality finds dwellings are unfit for habitation due to dilapidation, defects increasing the hazards of fire . . . rendering such dwellings unsafe or unsanitary, detrimental to health, safety or morals. The City ordinance here involved is fully authorized by State law and is a proper exercise of police power.

> "Municipal corporations may, in the proper exercise of their police power, require that permits or certificates be obtained as a prerequisite to the erection, alteration, improvement or use of buildings or other property in a particular manner or in a particular area; and such provisions will generally be upheld if they are reasonable and within the limitations of the exercise of municipal powers generally." 62 C.J.S., Municipal Corporations, § 227(3), p. 507.
>
> "An ordinance requiring a permit to alter or repair . . . buildings . . . is regarded as a reasonable exercise of the police power." McQuillin, Municipal Corporations, 3d Ed., Vol. 9, p. 529.
>
> "The purpose of requiring a permit is to enable the municipality to make sure that the proposed building conforms to the pertinent ordinances. Provisions for permits are for the benefit and protection of the municipality, not the property owner." *Tremarco Corp. v. Garzio,* 55 N.J. Super 320, rev'd o.g. 32 N.J. 448.

It is within the police power of the General Assembly and of a city, when authorized, to establish minimum standards, materials, designs, and construction of buildings for the safety of the occupants, their neighbors, and the public at large. G.S. 143-138; *Drum v. Bisaner,* 252 N.C. 305, 113 S.E. 2d 560; *Lutz Industries v. Dixie Home Stores,* 242

N.C. 332, 88 S.E. 2d 333. The authority to make and to enforce appropriate safety regulations in the public interest arises under the police power. In case of conflicting interests the public good is and must be paramount.

The Charlotte ordinance and the Legislative enactments involved in this case are not shown to be violative either of the Constitution of North Carolina or of the United States. In the trial and judgment below, we find

No error.