**James R. WALKER, Petitioner,**

v.

**STATE OF NORTH CAROLINA and City of Charlotte, Respondents.**

**Civ. No. 2524.**

United States District Court
W. D. North Carolina,
Asheville Division.

Aug. 3, 1966.

James R. Walker, pro se.

Paul L. Whitfield and Henry W. Underhill, Jr., Charlotte, N. C., for respondent, City of Charlotte.

Ralph White, Jr., Staff Atty., Raleigh, N. C., for respondent, State of N. C.

## MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

CRAVEN, Circuit Judge.*

James R. Walker petitions this court for a writ of habeas corpus asserting that he is unconstitutionally restrained of his liberty by reason of a suspended sentence imposed by the Mecklenburg County Superior Court on February 17, 1965.

The facts as developed at a plenary hearing are as follows:

The Superintendent of Building Inspection of the City of Charlotte charged, by affidavit, that on June 23, 1964, petitioner unlawfully violated Section 5-4(c) of the City Code by remodeling and repairing his residence located at 1447 South Church Street without first applying for and obtaining a written permit from the Building Inspection Department of the city in violation of N.C.G.S. Section 14-4. Petitioner was arrested and brought into Recorder's Court under a warrant based upon the Superintendent's affidavit.

At the trial, petitioner interposed as a defense the same constitutional objections which he now asserts in this habeas corpus petition: (1) that Section 5-4(c) is unconstitutional in that it violates the petitioner's "inalienable and vested right of use, possession, and maintenance" of his residence; (2) that the conduct described in the Code and in the warrant of arrest is privileged conduct protected by the North Carolina Constitution and the Fourteenth Amendment to the United States Constitution; (3) that any verdict rendered would be an unconstitutional abridgement of petitioner's rights as a property owner including his right of renovation and repair of his residence. The state introduced testimony as to the dilapidated condition of the petitioner's building, i. e., that it was unfit for human habitation, and that it was beyond reasonable repair, and that it could not be altered or improved so as to meet the minimum housing standards of the City Housing Code.[1] A verdict of guilty was entered against the petitioner, and, upon the posting of $200.00 bond, an appeal to the Mecklenburg County Superior Court was noted.

In the superior court, petitioner's motion to quash was denied, and the state repeated its evidence. The jury returned a verdict of guilty against petitioner, and a thirty-day jail sentence was imposed, suspended on the condition that petitioner comply with

---

* Sworn in as United States Circuit Judge, Fourth Circuit, on July 5, 1966, and designated to sit as United States District Judge in the Western District of North Carolina to complete matters pending at time of appointment.

1. The state took a different position before this court. It was conceded orally that petitioner *could* lawfully repair his property—if only he would seek and obtain a permit. The variance is not material.

the City Building and Housing Codes and pay the costs of court.[2] Petitioner excepted and appealed to the Supreme Court of North Carolina, wherein he again challenged the constitutionality of Section 5–4(c) of the Charlotte Building Code and N.C.G.S. Section 14–4, which makes violation of the Code a misdemeanor. The North Carolina Supreme Court, upholding petitioner's conviction, stated: "The Charlotte ordinance and the Legislative enactments involved in this case are not shown to be violative either of the Constitution of North Carolina or of the United States." State v. Walker, 265 N.C. 482, 144 S.E.2d 419 at 421 (1965).

In his petition for writ of habeas corpus filed in this court on May 10, 1966, petitioner asserted that he was "unconstitutionally detained and in custody * * * by virtue of a JUDGMENT and Jail Sentence pronounced upon him by the Superior Court of Mecklenburg County, North Carolina, on the 17th day of February, 1965, upon the conviction of the crime of VIOLATING CITY BUILDING CODE, Section 5–4(c) and NORTH CAROLINA GENERAL STATUTES, 14–4 * * *."

## MOTION TO DISMISS

The state seeks to dismiss this petition on two grounds: (1) the petitioner has not applied to the state court for relief under North Carolina's Post-Conviction Hearing Act, N.C.G.S. Section 15–217 to 15–222, and, therefore, has not exhausted his state remedies as required by 28 U.S. C.A. Section 2254; and (2) the petitioner, by reason of the suspended sentence, is not *in custody* within the meaning of 28 U.S.C.A. Section 2241.

■ The petitioner maintains that he is detained pursuant to an unconstitutional judgment based upon unconstitutional statutes. He raised this issue at his trial, and again on direct appeal, and the Supreme Court of North Carolina has passed upon his constitutional objections. Under these circumstances, it is not necessary for him to raise them again in state collateral proceedings, i. e., via the Post-Conviction Hearing Act. Evans v. Cunningham, 335 F.2d 491 (4th Cir. 1964); Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1964). The state's first ground for dismissal is not well taken.

■ Its second ground for dismissal (the custody requirement) raises a more serious question. Federal habeas corpus is available to "a person *in custody* [my italics] pursuant to the judgment of a State court * * *." Title 28 U.S.C.A. Section 2254. Is this petitioner, by reason of a thirty-day suspended sentence, in custody within the meaning of the statute?

At the time of his petition, petitioner was not (and is not now) physically incarcerated or confined. No order of commitment has been issued against him, and no active sentence has been invoked. If the petitioner fails here, it is probable that the active sentence will be invoked. But, is the expectation of future imprisonment sufficient to bring petitioner within the "in custody" requirement?

■ It is clear that to invoke the Writ one need not be physically detained in a jail or prison. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); see also Ex parte Fabiani, 105 F.Supp. 139 (E.D.Pa.1952). It is only necessary to show that there are impediments which "significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do." Jones v. Cunningham, 371

---

**2.** The judgment of the Mecklenburg County Superior Court was as follows: "It is the Judgment of the Court that the Defendant be confined to the common jail of Mecklenburg County for a period of thirty (30) days to be assigned to work under the supervision of the State Prison Department, as provided by law. The foregoing prison sentence is SUSPENDED on condition that the defendant within thirty (30) days from this date comply with all the provisions of the City Building Code and Housing Code and shall pay the costs of this action."

By an order filed May 13, 1966, this court stayed the execution of the judgment pending final determination of the petition for writ of habeas corpus in this court.

U.S. at 243, 83 S.Ct. at 377. In further explaining the meaning of "custody", the Supreme Court has said: "History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, *restraints not shared by the public generally,* [my italics] which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." Id. at 240, 83 S.Ct. at 376.

In my opinion, petitioner suffers from a restraint "not shared by the public generally" and, therefore, is "in custody" within the meaning of 28 U.S.C.A. Section 2241. Jones v. Cunningham, supra; see also: Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Martin v. Commonwealth of Virginia, 349 F.2d 781 (4th Cir. 1965).

The motion to dismiss for the reasons hereinabove stated is denied.

## MERITS

Petitioner's constitutional objections are without merit. As the Supreme Court of North Carolina has already stated concerning this case: It is "unusual in that neither the City's ordinance requiring a permit for repairs nor the State law which authorizes them and makes the violation of the ordinance a misdemeanor is challenged on the ground that the requirements are arbitrary, capricious, discriminatory, or invalid for any other reason except the lack of authority on the part of the City and of the Legislature to ordain and to enact them." State v. Walker, 265 N.C. 482, 144 S.E.2d 419 (1965).

Petitioner admits to violating the city ordinance involved here. He asserts, however, that he need not seek permission from anyone to repair the building in question and that requiring him to do so is an unconstitutional infringement of a "vested and inalienable constitutional

right of repair * * *." Indeed, petitioner states that he has not applied for a permit to repair his building and, furthermore, has no intention of doing so.[3]

The ownership of property and all incidental rights thereto are subject to reasonable limitations which governing authorities deem essential for the protection of the public health, safety, and welfare of the community. See Standard Oil Co. v. City of Marysville, 279 U.S. 582, 49 S.Ct. 430, 73 L.Ed. 856 (1928). "No rule in constitutional law is better settled than the principle that all property is held subject to the right of the state reasonably to regulate its use under the police power." 16 Am.Jur.2d 565, Constitutional Law Section 290.

The Supreme Court of North Carolina has passed upon the validity of the ordinance here involved and upheld it as a valid exercise of state constitutional and statutory authority. This decision is binding here as to the ordinance being within the city's charter power and not forbidden by the state constitution. Hadacheck v. Sebastian, 239 U.S. 394, 36 S.Ct. 143, 60 L.Ed. 348 (1915).

The ordinances and statutes in question here are neither unreasonable nor arbitrary and, therefore, are not repugnant to the federal Constitution. It is not unconstitutional for a municipality to take upon itself a duty to see that repairs to buildings within its domain will be made in such manner as will prevent fire and structural hazards. This duty it is bound to exercise to protect the safety and health of the general public. To require a permit in order to implement such reasonable supervision is not in violation of any provision of the Constitution of the United States.

Petitioner has failed to show a violation of any of his federal constitutional rights, and, for this reason, his petition will be, and hereby is, dismissed.

3. There was some intimation during oral argument that if he would apply for a permit it would probably be granted *nunc pro tunc.*