**Edward Lee ELDRIDGE, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–17–L.**

United States District Court
W. D. Virginia,
Lynchburg Division.

Dec. 5, 1968.

622

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT.

DALTON, Chief Judge.

This proceeding comes before this court on a petition for habeas corpus filed *in forma pauperis* by Edward Lee Eldridge, a prisoner of the State of Virginia, pursuant to the provisions of 28 U.S.C. § 2241.

On December 9, 1953, petitioner was tried on three counts of robbery in the Lynchburg City Corporation Court and found guilty; whereupon, he was sentenced to thirty (30) years imprisonment in the State Penitentiary on each of the three counts. On September 16, 1965, the three robbery convictions were declared null and void in a habeas corpus proceeding in the same Lynchburg City Corporation Court, and petitioner was ordered to be retried. Subsequently, in a retrial of one of the counts on December 9, 1965, petitioner was again found guilty and sentenced to eight (8) years in the State Penitentiary. The time which petitioner had already served on the voided convictions was credited on the new eight (8) year sentence, and consequently, the eight (8) year sentence expired on June 28, 1965. The conviction in the retrial on December 9, 1965, is the conviction presently challenged in this habeas corpus proceeding. Petitioner has fully served the sentence of which he complains and no recidivist sentence is based on such conviction.

Petitioner did not appeal the conviction of which he now complains, nor has he at any time sought a writ of habeas corpus in the State Courts of Virginia. Thus, the question arises whether he has properly exhausted his state remedies in conformity with 28 U.S.C. § 2254. 28 U.S.C. § 2254 provides in part:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State

corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

The Virginia Supreme Court of Appeals ruled as late as 1967 in Blowe v. Peyton, 208 Va. 68, 155 S.E.2d 351 (1967) that there is no available state procedure to attack a conviction when the sentence complained of has been fully served and a judgment for the petitioner could not affect the lawfulness of his immediate custody, nor grant him relief from that detention. See, Peyton v. Christian, 208 Va. 105, 155 S.E.2d 335 (1967); Smyth v. Holland, 199 Va. 92, 97 S.E.2d 745 (1957); Va.Code Ann. § 8–596 (Additional Supp.1968). Petitioner has fully served the sentence under attack, and his present custody is in no way the result of the conviction which he now challenges. Thus a judgment in his favor could not affect the lawfulness of his immediate custody, nor grant him relief from that detention. The facts in petitioner's case are analogous to the facts in Blowe v. Peyton, supra, in which the Virginia Supreme Court of Appeals found that neither habeas corpus or coram vobis was available to collaterally attack the challenged conviction. It is thus obvious that there is "an absence of available State corrective process" in petitioner's situation so that this case is included within the exceptions set forth in 28 U.S.C. § 2254, and there is no requirement that petitioner pursue any further action in the State Courts. Thus, petitioner is properly before this court. See, Rowe v. Peyton, 383 F.2d 709 (4th Cir.1967).

■ Petitioner has filed this petition pursuant to 28 U.S.C. § 2241 which provides that "(c) The writ of habeas corpus shall not extend to a prisoner unless —* * * (3) He is in custody in violation of the Constitution or laws or treaties of the United States; * * *." As required by that statute, petitioner must be in "custody" before a federal court can grant him relief in a habeas corpus proceeding. The definition of "custody" has been liberalized and broad-

ened to achieve the historical purpose of the writ of habeas corpus. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); Rowe v. Peyton, 383 F.2d 709 (4th Cir.1967). It is clear that the requirement of "custody," as interpreted by the United States Supreme Court, does not now contemplate an actual, physical custody in prison or jail. Jones v. Cunningham, supra, 371 U.S. at 238, 83 S.Ct. 373. However, this requirement of "custody" is still present in 28 U.S.C. § 2241 and must have some effect. In Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960), the United States Supreme Court granted certiorari to review a dismissal of the petitioner's application for habeas corpus. Before the case could be heard, the petitioner was released from imprisonment after having served his sentence. The United States Supreme Court held that the case had become moot and that the court had no jurisdiction to deal with the merits of the case. The court pointed out in *Parker* that it had historically denied the writ of certiorari for mootness on the express ground that the petitioner was no longer in the respondent's custody. See, Zimmerman v. Walker, 319 U.S. 744, 63 S.Ct. 1027, 87 L.Ed. 1700 (1942); Tornello v. Hudspeth, 318 U.S. 792, 63 S.Ct. 990, 87 L.Ed. 1158 (1942); Weber v. Squier, 315 U.S. 810, 62 S.Ct. 800, 86 L.Ed. 1209 (1941). As was true in *Parker*, petitioner in the instant case is no longer in custody due to the conviction challenged. Moreover, he is not on parole or serving a recidivist sentence based on the challenged conviction. Thus, on the basis of the holding of the United States Supreme Court in *Parker* this court is compelled to find that petitioner was not in "custody" as required by 28 U.S.C. § 2241 and dismiss the petition.

No apparent injustice could be rectified by a judgment for petitioner. He has several other felony convictions on his record and is presently serving a prison sentence due to one of them. These convictions would carry the same consequences, both civil and social, as

the conviction which is challenged by this petition. Therefore, the conviction complained of would not appear to result in any additional moral stigma or affect any additional legal rights since there are other felony convictions on petitioner's record. See, Parker v. Ellis, supra, 362 U.S. at 576, 80 S.Ct. 909 (Mr. Justice Harlan's concurring opinion).

The per curiam decision in Thomas v. Cunningham, 335 F.2d 67 (4th Cir.1964) held that a federal court can adjudicate the validity of a sentence when a petition for habeas corpus has been filed before the termination of the term of imprisonment even though, through no fault of the petitioner, the decision on the petition could not be reached until after service of the term. Id. at 69. In the instant case the petition for habeas corpus was not filed until April 24, 1968, almost three years after the expiration of the sentence complained of. Thus, Thomas v. Cunningham, supra, is not applicable to the case at bar, and this court is bound by the holding of Parker v. Ellis, supra.

■ The petition is moot on an additional ground. Petitioner alleges that the trial judge erroneously instructed the jury that the minimum punishment for a conviction of robbery in Virginia is eight (8) years in the State Penitentiary. Petitioner further alleges that the minimum punishment as set forth in the Virginia Code is actually only five (5) years and that because of this erroneous instruction the jury returned a sentence of eight (8) years instead of the minimum five (5) years imprisonment. Thus, petitioner complains that by virtue of the alleged judicial error his prison sentence was increased by three (3) years. Petitioner does not allege that his conviction was not obtained by Due Process; he only complains of the length of the sentence. As petitioner has completed serving the sentence, the injustice of which he complains cannot possibly be rectified at this date.

Upon mature consideration of the facts in petitioner's case and for the reasons given, the court finds that petitioner was not in "custody" when he filed his petition for habeas corpus, as required by 28 U.S.C. § 2241, and thus the court cannot rule on the merits of petitioner's claim; therefore, the court does adjudge and order that the relief requested by the petition should be and hereby is denied, and the petition is hereby dismissed.

The clerk is directed to send a copy of this opinion and judgment to petitioner and to the respondent.