Mary **WALKER**, Petitioner,

v.

**The Honorable George B. DILLARD,
Judge, Municipal Court for the City
of Roanoke, Respondent.**

Civ. A. No. 72–C–28–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Dec. 4, 1972.

David G. Karro, The Legal Aid Society of Roanoke Valley, Roanoke, Va., for plaintiff.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Mary Walker, pursuant to 28 U.S.C. § 2241. The petition was filed in this court on February 22, 1972.

Petitioner is not presently serving a sentence. However, she was convicted on August 25, 1971 by the respondent of violating section 18.1–238 of the Code of Virginia.[1] She was sentenced to serve thirty days in jail, which sentence was suspended for six months, and required to pay a twenty-five dollar fine and costs.

Following her conviction, petitioner on August 27, 1971, filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. The court denied relief and dismissed the petition in an order dated January 17, 1972.

Petitioner alleges several errors in her petition: 1) she was denied her constitutional right to a trial by jury in the Municipal Court of the City of Roanoke; 2) her failure to seek a trial *de novo* was not a voluntary waiver of the right to trial by jury; and 3) Section 18.1–238 of the Code of Virginia violates the First, Fifth and Fourteenth Amendments to the United States Constitution in that it is vague and overbroad.

1. § 18.1–238. Use of profane, threatening or indecent language over telephone; duty of telephone companies.—If any person shall curse or abuse anyone or use vulgar, profane, threatening or indecent language over any telephone in this State, he shall be guilty of a misdemeanor and may be prosecuted either in the county or city from which he called or in the county or city in which the call is received. It shall be the duty of each telephone company in this State to furnish immediately in response to a subpoena issued by a court of record such information as it, its officers and employees, may possess which, in the opinion of the court, may aid in the apprehension of persons suspected of violating the provisions of this section. Any telephone company or any officer or employee thereof who shall fail or refuse to furnish such information when so requested, may be fined not more than one hundred dollars.

Petitioner previously raised these same issues by means of her petition for writ of habeas corpus in the Supreme Court of Virginia, which was denied and dismissed. Therefore petitioner has exhausted her available state remedies in compliance with the provisions of 28 U.S.C. § 2254.

### JURISDICTION

Respondent contends that this court does not have jurisdiction, as the petitioner is not and has not been "in custody in violation of the constitution or laws or treaties of the United States" within the meaning of 28 U.S.C.A. § 2241(c)(3) [2] and 28 U.S.C.A. § 2254(a).[3] Petitioner argues that at the time the petition was filed, she was in custody, and furthermore, has been deprived of her fine and costs.

The court finds several cases to guide it in determining whether or not petitioner was in "custody." In the most recent Supreme Court case on the matter, Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), the court held that Federal Courts have jurisdiction of habeas corpus petitions even though the petitioner's sentence is totally expired and the court could not grant a discharge from actual physical custody. It stated that "because of these 'disabilities or burdens [which] may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' Fiswick v. United States, 329 U.S. 211, 222, 67 S.Ct. 224, 91 L.Ed. 196 (1946)." Carafas v. LaVallee, supra at 237, 88 S.Ct. at 1559. The court noted that the relief available in habeas corpus cases is broad—"as law and justice require," 28 U.S.C. § 2243, and is not limited to a discharge from custody. Id. at 239, 88 S.Ct. 1556.

In Eldridge v. Peyton, 295 F.Supp. 621 (W.D.Va.1968), this court stated:

As required by that statute [28 U.S.C. § 2241] petitioner must be in 'custody' before a federal court can grant him relief in a habeas corpus proceeding. The definition of 'custody' has been liberalized and broadened to achieve the historical purpose of the writ of habeas corpus. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); Rowe v. Peyton, 383 F.2d 709 (4th Cir. 1967). It is clear that the requirement of 'custody,' as interpreted by the United States Supreme Court, does not now contemplate an actual, physical custody in prison or jail. Jones v. Cunningham, supra, 371 U.S. at 238, 83 S.Ct. 373. However, this requirement of 'custody' is still present in 28 U.S.C. § 2241 and must have some effect.

In Eldridge, at 623, the petition was dismissed because "petitioner in the instant case is no longer in custody due to the conviction challenged." Petitioner in Eldridge filed his petition from a retrial after he had already served his time on a prior conviction. This court noted that "he is not on parole or serving a recidivist sentence based on the challenged conviction. Thus, on the basis of the holding of the United States Supreme Court in Parker [v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960)], this court is compelled to find that petitioner was not in 'custody' as required by 28 U.S.C. § 2241 and dismiss the petition." Eldridge v. Peyton, supra, at 623.

In Carafas v. LaVallee, supra, the petitioner was found to be "in custody" when the habeas corpus application was

---

2. 28 U.S.C.A. § 2241(c)(3). The writ of habeas corpus shall not extend to a prisoner unless (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

3. 28 U.S.C.A. § 2254(a). The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

filed, as he was serving a sentence in a New York State prison, and this was the determining factor, even though the petitioner had been released prior to a final determination of his habeas petition. However, in *Eldridge,* petitioner had served his sentence *prior* to filing his habeas petition, and this precluded him from being "in custody" at the time of application, as required by 28 U.S.C. § 2241.

Several other habeas cases have dealt specifically with the problem of suspended sentences and whether a person so convicted was "in custody" within the meaning of 28 U.S.C. §§ 2241 and 2254. In the most recent case, United States ex rel. Dessus v. Commonwealth of Pa., 452 F.2d 557, 560 (3rd Cir. 1971), involving a petitioner serving several sentences for rape, murder and burglary and given a suspended sentence for one rape, which was the subject of this petition, the court stated:

> Although appellant was found guilty of this crime, he was given a suspended sentence. Without a custodial sentence, appellant was not 'in custody' under that indictment within the meaning of 28 U.S.C. § 2254; thus, he may not seek federal habeas corpus relief therefrom.

The court went on to explain the "in custody" requirement for habeas jurisdiction:

> The sole justification of federal habeas jurisdiction for a state prisoner is the statutory mandate that the applicant be a 'person in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2254. Indeed, in the seminal case of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), Mr. Justice Brennan was careful to emphasize: 'The jurisdictional prerequisite is not the judgment of a State court but detention simpliciter.' 372 U.S. at 430, 83 S.Ct. at 844. Thus, custody is the passport to federal habeas corpus jurisdiction. Without custody there is no detention. Without detention, or the possibility

thereof, there is no federal habeas jurisdiction. Dessus v. Pa., supra, at 560.

The court found that Carafas v. LaVallee, supra and Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, compelled no contrary conclusion since petitioners in these cases "applied for habeas corpus relief while incarcerated under or paroled from custodial sentences." Id. at 560.

The recent expansion of "in custody" jurisdiction was explained by the court:

> The expansion of the 'in custody' jurisdictional concept has been in recognition that remaining 'disabilities and burdens' which emanate from one conviction confer upon petitioners a 'substantial stake in the judgment' sufficient to challenge that conviction even without present incarceration based thereon. *Carafas,* supra, 391 U.S. at 237, 88 S.Ct. 1556. No such stake appears here; petitioner is not in custody for one conviction which may have emanated from the testimony he seeks reviewed, and he has claimed no error in the other. A ruling in petitioner's favor could afford him no direct relief from his present detention nor indirectly in terms of his ultimate release date. Cf. Thacker v. Peyton, 419 F.2d 1377, 1379 (4th Cir. 1969). Dessus v. Pa., supra, at 561.

The court in *Dessus* went on to cite a decision by the Fifth Circuit in Westberry v. Keith, 434 F.2d 623 (5th Cir. 1970). That case involved a petitioner who had been convicted of "failure to yield the right away (sic)" in the Metropolitan Court for Dade County, Florida, and was sentenced to a $250.00 fine and revocation of her Florida driver's license for one year. After paying the fine and surrendering her driver's license, the lady sought relief by petition for a writ of habeas corpus in the United States District Court for the Southern District of Florida. The petition was dismissed by the district court for want of jurisdiction on the ground that the petitioner was not in custody pur-

suant to a judgment of a state court as required by 28 U.S.C. § 2254.

The Fifth Circuit explained on appeal its reasons for affirming the decision of the District Court:

> We agree with appellant's contention that the phrase 'in custody' as used in § 2254 has undergone a metamorphosis in recent years to the extent that it is no longer necessary for a person to be under actual physical restraint in order to obtain habeas relief. See Carafas v. LaVallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554. Jones v. Cunningham, 1963, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285. In Jones v. Cunningham, supra, the Supreme Court held that a former prisoner on parole was sufficiently confined to come within the meaning of the habeas corpus statute and in Carafas v. LaVallee, supra, the court found habeas corpus was available even though the petitioner's sentence had fully expired after the initial application for the writ but before appellate review. These cases, however, involved petitioners who applied for the writ while either incarcerated under or paroled from prison sentences. We can find no decision by the Supreme Court nor by this circuit which would allow federal courts to take habeas corpus jurisdiction under § 2254 when the petitioner has applied for the writ after suffering a fine and the revocation of the right to drive on the state's highways. To allow such circumstances to form the basis of a claim that appellant was in custody would go far beyond that degree of confinement found sufficient in *Carafas* and *Jones*, supra. Westberry v. Keith, supra, at 624 and 625. (Emphasis added.)

In *Dessus*, supra at 561, the court found the rationale in *Westberry* convincing and said:

> Like the Fifth Circuit in Westberry v. Keith, 434 F.2d 623 (5th Cir. 1970). '[w]e can find no decision by the Supreme Court nor by this circuit which would allow federal courts to take ha-

beas corpus jurisdiction under § 2254 when the petitioner has applied for the writ after suffering [no custodial sentence].' 434 F.2d at 624–625. See also United States ex rel. Myers v. Smith, 444 F.2d 75, 77 (2d Cir. 1971). We hold, therefore, that this court is without jurisdiction to review a petition for habeas corpus where petitioner was given a non-custodial sentence. (Emphasis added.)

█ This court, in the instant case, also feels that it is without jurisdiction to review a habeas corpus petition where petitioner was given a fine and a non-custodial sentence.

Petitioner relies on the decision of Judge Craven in Walker v. North Carolina, 262 F.Supp. 102 (W.D.N.C.1966), in which he claims there is a fact situation "very similar to the one at bar." That case involved a petitioner who unlawfully violated a home remodeling section of the Code of the City of Charlotte, without first applying for and obtaining a written permit from the Building Inspection Department. He was found guilty in the Recorder's Court, and appealed to the Mecklenburg County Superior Court, where he was found guilty by a jury, and given a thirty day suspended sentence, "suspended on the condition that petitioner comply with the City Building and Housing Codes and pay the costs of court." *Walker*, supra, at 103–104. Petitioner then appealed to the Supreme Court of North Carolina, challenging the constitutionality of the building code section, but petitioner's conviction was upheld. Petitioner *then* filed his petition for a writ of habeas corpus, after exhausting his appellate procedures. In considering a motion to dismiss on jurisdictional grounds, Judge Craven questioned "Is this petitioner, by reason of a thirty-day suspended sentence in custody within the meaning of the statute?" Id. at 104. The question of custody became the overriding consideration of the court. Judge Craven stated in *Walker*, supra, at 104 and 105:

> At the time of his petition, petitioner was not (and is not now) physically

incarcerated or confined. No order of commitment has been issued against him, and no active sentence has been invoked. If the petitioner fails here, it is probable that the active sentence will be invoked. But, is the expectation of future imprisonment sufficient to bring petitioner within the 'in custody' requirement? . . . In further explaining the meaning of 'custody,' the Supreme Court has said: 'History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on man's liberty, *restraints not shared by the public generally,* [my italics] which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus.' Jones v. Cunningham, 371 U.S. at 240, 83 S.Ct. at 376.

In my opinion, petitioner suffers from a restraint 'not shared by the public generally' and, therefore, is 'in custody' within the meaning of 28 U.S.C.A. Section 2241. Jones v. Cunningham, supra. See also: Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Martin v. Commonwealth of Virginia, 349 F.2d 781 (4th Cir. 1965).

This court finds two important differences between *Walker* and the instant case. In *Walker,* the petitioner exhausted his appellate procedures before filing his habeas petition with the federal court. In the instant case, the petitioner did not exhaust her appellate procedures and filed her petition two days after her conviction in a court not of record.

Secondly, in *Walker,* the petitioner faced the execution of the judgment of the lower court and immediate imprisonment if the petition failed. Judge Craven found this to be a restraint "not shared by the public generally," as outlined in Jones v. Cunningham, supra, and sufficient to satisfy the "in custody" requirement of 28 U.S.C.A. § 2241.

In the instant case, petitioner did not face the "expectation of future imprisonment" if the petition failed. This court therefore does not find the thirty day suspended sentence to be a sufficient "restraint" to put the petitioner "in custody" within the meaning of 28 U.S.C.A. § 2241.

It may be noted that the court in *Walker* dismissed the petition on the merits even though Judge Craven admitted that his court had jurisdiction. Petitioner argues that the affirming of Judge Craven's decision by the Fourth Circuit implicitly indicates its approval on the jurisdictional question. However, this court does not agree, for in effect the Fourth Circuit, by affirming the dismissal of the lower court, merely stated that the petitioner had no case on the merits, and did not discuss the jurisdictional issue.

█ This court holds that a thirty day suspended sentence and a twenty-five dollar fine for abusive telephone conversation is not a sufficient "restraint" to put the petitioner "in custody" within the meaning of the habeas statutes (28 U.S.C.A. §§ 2241 and 2254). We are not alone in this belief, as both the Third Circuit and Fifth Circuit have recently passed on this issue. (United States ex rel. Dessus v. Commonwealth of Pa., supra and Westberry v. Keith, supra.) The only case which may be cited to the contrary is *Walker,* which has been distinguished from this one on the grounds of appellate exhaustion and expectation of future imprisonment. In cases such as the present one, the appellate procedure is available for redress of any wrongs suffered in a lower court. The habeas corpus relief should be available only where custody, in the form of detention, is found. This implies some sort of restraint, either incarceration or parole from a custodial sentence. Mere suspension of sentence is not enough. To allow such would go beyond the degree of confinement found sufficient in *Carafas* and *Jones,* supra.

Accordingly, the court dismisses the petition for writ of habeas corpus on the grounds of lack of jurisdiction.