434 F.2d 623
 Jo Ann WESTBERRY, Petitioner-Appellant,
v.
Major C. W. KEITH, Director, Division of Drivers' Licenses,
Department of Highway Safety and Motor Vehicles, State of
Florida, Richard Brinker, Clerk, Metropolitan Court, in and
for Dade County, Florida, Respondents-Appellees.
 No. 29919 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970.
 
 431 F.2d 409. Part I.
 United States Court of Appeals, Fifth Circuit.
 Nov. 11, 1970, Rehearing Denied and Rehearing En Banc Denied
Feb. 1, 1971.
 Bruce S. Rogow, Miami, Fla., for petitioner-appellant.
 Richard E. Gerstein, State's Atty., Miami, Fla., for respondents-appellees.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant was convicted of 'failure to yield the right away' in the Metropolitan Court for Dade County, Florida, and sentenced to a $250.00 fine and revocation of her Florida driver's license for one year. After paying the fine and surrendering her driver's license to the Clerk of Court, appellant sought relief by petition for a writ of habeas corpus in the United States District Court for the Southern District of Florida by claiming that she was not informed of her right to be represented by counsel. The petition was dismissed by the district court for want of jurisdiction on the ground that appellant was not in custody pursuant to a judgment of a state court as required by 28 U.S.C. 2254.[1]
 
 
 2
 We agree with appellant's contention that the phrase 'in custody' as used in 2254 has undergone a metamorphosis in recent years to the extent that it is no longer necessary for a person to be under actual physical restraint in order to obtain habeas relief. See Carafas v. LaVallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554. Jones v. Cunningham, 1963, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285. In Jones v. Cunningham, supra, the Supreme Court held that a former prisoner on parole was sufficiently confined to come within the meaning of the habeas corpus statute and in Carafas v. LaVallee, supra, the Court found habeas corpus was available even though the petitioner's sentence had fully expired after the initial application for the writ but before appellate review. These cases, however, involved petitioners who applied for the writ while either incarcerated under or paroled from prison sentences. We can find no decision by the Supreme Court nor by this circuit which would allow federal courts to take habeas corpus jurisdiction under 2254 when the petitioner has applied for the writ after suffering a fine and the revocation of the right to drive on the state's highways. To allow such circumstances to form the basis of a claim that appellant was in custody would go far beyond that degree of confinement found sufficient in Carafas and Jones, supra.
 
 
 3
 The denial of the writ by the district court is
 
 
 4
 Affirmed.
 
 
 5
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 
 PER CURIAM:
 
 6
 The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.
 
 
 
 [1]
 28 U.S.C. 2254 provides that 'An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.'