Eugene A. HOGAN et al.

v.

William L. LUKHARD, Director, etc.

Civ. A. No. 450–72–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Dec. 14, 1972.

---

Robert P. Geary, Richmond, Va., for plaintiffs.

Vann H. Lefcoe, Asst. Atty. Gen. of Va., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

This is a class action brought pursuant to 42 U.S.C. § 1983 by the plaintiff, Eugene A. Hogan, an inmate in the Virginia penal system, against William L. Lukhard, Director of the Virginia Department of Welfare and Institutions. Jurisdiction is attained by virtue of 28 U.S.C. § 1343. The matter is presently before the Court on a motion by the defendant to dismiss. Also before the Court are motions to intervene filed by several other inmates of the Virginia penal system and a motion by the plaintiff to amend his complaint.

The gravamen of the complaint is that the procedure by which the Virginia Supreme Court allows appeals from felony convictions is unconstitutional. Under the Virginia system, there is no appeal of right. Va.Code Ann. § 19.1–282 provides that a writ of error may lie from the Virginia Supreme Court in any criminal case for the accused. Section 19.1–286 provides that either the full court or any justice thereof to whom a petition is duly presented may allow a writ of error. However, the Court is not required to issue a writ, and in the majority of cases does not do so. Plaintiffs contend that this procedure fails to grant a convicted felon an appeal of right and constitutes a denial of due process. It is further argued that, since Va.Code Ann. § 16.1–132 grants misdemeanants convicted in courts not of record an appeal of right with trial *de novo* in a court of record, it is a denial of equal protection of the law not to grant convicted felons an appeal of right.

Plaintiff originally sought as relief both a declaration of the unconstitutionality of the aforementioned procedure and an injunction against the continued incarceration of the plaintiff Hogan and other members of his class unless and until an appeal of their convictions is heard. However, the defendant moved to dismiss the action on the grounds that the suit is one for release from State custody and must be brought as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As such, the defendant argues that the plaintiff has not exhausted his State remedies. Subsequent to this motion, Hogan moved to amend his complaint by striking his request for injunctive relief. Defendant opposes this motion, on grounds that there would be no case or controversy following such an amendment.

Courts that have considered the issue have generally concluded that an attack upon a state criminal conviction cannot be maintained under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, at least when habeas corpus relief is available. Booker v. Arkansas, 380 F.2d 240 (8th Cir. 1967); United States ex rel. Bennett v. Illinois, 356 F.2d 878 (7th Cir. 1966); Forsythe v. Ohio, 333 F.2d 678 (6th Cir. 1964); *cf.*, Tuckson v. Clemmer, 231 F.2d 658 (4th Cir. 1956); see Note, Habeas Corpus, Custody and Declaratory Judgment, 53 Va.L. Rev. 673, 698 (1967). This result is especially compelled where the plaintiff has not exhausted his state remedies. As the Court of Appeals for the Eighth Circuit has stated, a party

cannot resort to a federal declaratory judgment suit in an effort to escape having to exhaust available state rem-

edies and to circumvent the intent manifested by Congress in 28 U.S.C.A. § 2254 that the state courts are to be given "the opportunity to pass upon and correct errors of federal law in the state prisoner's conviction," Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963).

Waldon v. Iowa, 323 F.2d 852, 853 (8th Cir. 1963). This Court concurs in the conclusion that a declaratory judgment cannot be used as a vehicle for circumventing the prerequisites to the issuance of a writ of habeas corpus.

There is little doubt that the complaint as originally filed was in essence a petition for a writ of habeas corpus. It both sought Hogan's release and challenged the constitutionality of the final criminal judgment rendered against him. As the Court in *Waldon* again stated,

[A]ny declaratory decree that the judgment here involved was invalid, because appellant had improperly been deprived of an appeal, would be in fact a review of the judgment and in effect a revision of it . . . 323 F.2d at 853.

Hogan's request for an injunction against his continued incarceration unless and until he is granted appellate review is precisely the same relief that would be granted to him upon the issuance of a writ of habeas corpus.

■ Even if this suit be construed as one for a writ of habeas corpus, Hogan urges that he would not have been required to exhaust State remedies. Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (1969), is cited for the proposition that pursuing this suit in State courts would be useless. The Court finds to the contrary. *Peyton* does no more than hold that § 19.1–282 confers discretionary appellate jurisdiction on the Virginia Supreme Court. It addresses no constitutional challenges to such a procedure. Accordingly, it cannot be viewed as making useless any appeal by Hogan to the Virginia courts.

■ Hogan's attempt to amend his complaint can be of no aid to him. It is manifest that the object of Hogan's litigation is to obtain personal relief from what he considers to have been an unconstitutional denial of appeal. Any object short of this would render the case no more than an advisory opinion. If the Court were to grant a declaration in his favor, then he would immediately file for a writ of habeas corpus. The exhaustion requirement would necessitate his proceeding first in a State court, where that Court would be confronted with a previously rendered federal declaration that the State appeals process is unconstitutional. Such a process of litigation violates both the letter and spirit of the theory of comity expressed in Fay v. Noia, *supra*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

■■ Even assuming that plaintiffs' amended complaint presents a justiciable case or controversy to the Court, which is by no means clear, the Court is not compelled to hear an action seeking only a declaration of rights. As stated in Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937),

[w]hether the remedy shall be accorded one who petitions for it is a matter resting in the sound discretion of the trial court, to be reasonably exercised in furtherance of the purposes of the statute.

A major purpose of the statute is to avoid piecemeal litigation. Aetna Casualty & Surety Co. v. Quarles, *supra*; see 3 Barron & Holtzoff, Federal Practice and Procedure, § 1265 (1958). Allowing a declaratory judgment in this case would engender multiple litigation, rather than prevent it. This result, together with the previously noted effect on the comity doctrine which this suit would have, persuades the Court to dismiss plaintiffs' suit for declaratory relief.

The defendant's motion to dismiss will be granted in order that plaintiff may exhaust his State remedies.

An order in accordance with this memorandum will issue.