Charles William **WHORLEY**

v.

W. H. **BRILHART** et al.

**Civ. A. No. 196–73–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

May 23, 1973.

**540**

John C. Lowe, Charlottesv'lle, Va., for plaintiff.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

This case presents the unique and difficult question of an interaction of two federal remedies, habeas corpus pursuant to 28 U.S.C. § 2254 and the Civil Rights Act of 1866, 42 U.S.C. § 1983. On September 26, 1969, Charles William Whorley was tried and convicted in the Municipal Court of the City of Lynchburg, Virginia, of driving while under the influence of intoxicants, second offense. He was sentenced to jail for thirty days, which he has served, and fined $200.00, which he has paid. On November 4, 1970, the Honorable William W. Sweeney, Judge of the Circuit Court of Bedford County, Virginia, entered an order pursuant to Virginia Code Ann. § 46.1–387.6 (1972 repl. vol.) declaring Whorley to be an habitual traffic offender and directing that he not drive an automobile on the highways of Virginia for a period of ten years. One of the convictions giving rise to this order was the 1969 Lynchburg one. Whorley now seeks to resecure his driving privileges on the grounds that he was not represented by counsel during the pendency of the 1969 action and that his conviction was thus invalid under Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). He contends that his adjudication as an habitual offender, which necessarily rested upon that prior conviction, must fall. Whorley further seeks the expunction of this conviction from his driving record.

The plaintiff seeks to invoke this Court's jurisdiction pursuant both to 28 U.S.C. § 2241 and § 1343, which are the jurisdictional provisions for federal habeas corpus and § 1983, respectively. The defendants W. H. Brillhart and Vern L. Hill, officers of the Virginia Division of Motor Vehicles, have filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.Proc., arguing that habeas corpus is not available to the plaintiff because he is not in custody as required by 28 U.S.C. § 2254 and, further, that no claim has been stated that is cognizable under § 1983 because there are no allegations of bad faith. The defendant H. P. Scott, Clerk of the Circuit Court of Bedford County, has not filed an answer to the complaint and is thus technically in default under Rule 55, Fed.R. Civ.Proc. The plaintiff has filed a response to the defendants' motion to dismiss, and the matter is now ready for disposition.

█ Within the last decade, the concept of custody for purposes of habeas corpus has, as the plaintiff argues, undergone significant expansion. The 1963 case of Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, marked the beginning of this transition, by holding that a petition did not become moot when, during the pendency of litigation, the petitioner was released from prison on parole. This case did not rest, as it might have, upon the conclusion that once federal jurisdiction attaches, it is not defeated by subsequent release from prison, so long as there is some need for relief. Instead, *Jones* rested upon the conclusion that the parole in question "imposes conditions which significantly confine and restrain his [the parolee's] freedom" and that "this is enough to keep him in the 'custody' of the members of the Virginia Parole Board within the meaning of the habeas corpus statute." 371 U.S. at 243, 83 S.Ct. at 377. The petitioner was,

therefore, in custody at the time the writ might actually issue as well as at the time of the filing of his petition. . As lower court decisions have subsequently held, a party who is on parole or probation may commence a petition for a writ of habeas corpus when not in prison at the time of commencement. *E. g.*, United States ex rel. B. v. Shelly, 430 F.2d 215 (2d Cir. 1970); United States ex rel. Rybarik v. Maroney, 406 F.2d 1055 (3d Cir. 1969).

More recently, the concept of custody has been expanded even further. In Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), the Supreme Court held that the restraints placed upon a criminal defendant when released upon his own recognizance following conviction and sentencing are sufficient to constitute custody. While recognizing that a parolee is generally subject to greater restrictions on his liberty than is a person released on bail or upon his own recognizance, the Court nevertheless ruled that the petitioner suffered such restraints on his liberty as to constitute custody. The Court was influenced, however, by the fact that the petitioner remained at large only by the grace of the state court's decision to stay execution of the sentence and that his actual incarceration was far from a speculative possibility.

Finally, the Court takes note of the decision of Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). In that opinion the Supreme Court ruled that a petition, once properly filed, did not become moot upon the unconditional release of the petitioner. The Court's reasoning, however, differed from that in Jones v. Cunningham. Although it recognized the civil disabilities to which a convicted felon is subject and concluded that the scope of the great writ is sufficient to provide relief from such disabilities, the Court did not hold that these disabilities impose such a restraint upon liberty as to constitute custody for purposes of § 2254. Rather, the Court held that "under the statutory scheme, once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application." 391 U.S. at 238, 88 S.Ct. at 1559. *Carafas* thus does not support the instant plaintiff's position.

The Court has concluded that Charles Whorley is not in custody within the meaning of 28 U.S.C. § 2254. Whorley's civil disability, the loss of driving privileges for ten yars, is not unlike those disabilities suffered by all convicted felons. This Court has previously held that such disabilities do not constitute custody, Williams v. Commonwealth, C.A. 383–72–R (E.D.Va., December 14, 1972), and it hereby reaffirms that conclusion. It can find no case, either within or without this circuit, holding to the contrary. Indeed, the Court of Appeals for the Fourth Circuit repeatedly has held that felons who have completely served their sentences cannot pursue habeas corpus relief. *E. g.*, Moore v. Cox, No. 14,043 (Feb. 4, 1970). It is true that Whorley is subject to a judicial decree prohibiting him from driving and differs in this respect from a released felon whose civil privileges are by law diminished. But the Court does not consider this difference to be of importance. Although actual physical confinement is no longer necessary to establish custody for purposes of § 2254, the Court's reading of the applicable cases, and in particular *Hensley*, together with its own understanding of the nature of the great writ,[1] leads it to con-

---

1. Mr. Justice Stewart considered the nature of the great writ in a recent decision, Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and concluded thusly:

    It is clear . . . that the essence of habeas corpus is an attack . . . upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody

    . . .

    [the] grievance [of a habeas corpus petitioner] is that he is being unlawfully subjected to physical restraint, and in each case habeas corpus has been accepted as the specific instrument to obtain release from such confinement. 411 U.S. at 484, 486, 93 S.Ct. at 1833

clude that one of two restraints on liberty, and perhaps both, must be present to make a finding of custody. First, there must be present some sort of supervisory control over the person of the petitioner. His conduct, in other words, must be subject in one degree or another to the direction of judicial officers. Second, the existence of an imminent possibility of incarceration without a formal trial and criminal conviction may create such a restraint on liberty as to constitute custody. At the least, such a possibility taken together with even minimum supervisory control would result in a finding of custody. Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973).

Charles Whorley does not suffer from either of these restraints on his liberty. He is not subject to any sort of supervision by any state officer nor must he receive prior approval to do things that an unconvicted person would be free to do. Moreover, his freedom from incarceration is in no way conditional. Unlike, for example, a parolee who is prohibited from driving, Whorley cannot be sent to prison by any means short of a new criminal conviction. He has unquestionably lost a highly valuable privilege, but the writ of habeas corpus is not the proper remedy by which to redress that loss. This Court concurs with the conclusion of the Court of Appeals for the Fifth Circuit in a case whose facts are virtually identical to those here that "[t]o allow such circumstances to form the basis of a claim that appellant was in custody would go far beyond that degree of confinement found sufficient in *Carafas* and *Jones*, supra." Westberry v. Keith, 434 F.2d 623, 625 (5th Cir. 1970). Marston v. Oliver, 324 F.Supp. 691 (E.D.Va.1971), cited by the plaintiff, involved a petition filed while the petitioner was still incarcerated and is thus clearly distinguishable. See Matthews v. Florida, 463 F.2d 679 (5th Cir. 1972).

■ Having concluded that habeas corpus relief is not available to Whorley,

it remains to be determined whether the relief which he seeks is available by means of § 1983. While the Court agrees with the plaintiff that good faith on the part of the defendants acting in their ministerial capacity is no bar to an action for injunctive relief under § 1983, Eslinger v. Thomas, 476 F.2d 225 (4th Cir. 1973), serious doubts arise as to whether the relief sought (which necessarily would entail this Court's declaring invalid a state criminal conviction) may be obtained by a civil suit under § 1983. The Court foresees problems arising under the judicial immunity doctrine, *but see* Littleton v. Berbling, 468 F.2d 389 (7th Cir. 1972) and Fowler v. Alexander, 478 F.2d 694 (4th Cir. 1973), and perhaps under the rationale upon which Younger v. Harris, 401 U.S. 37 (1971), is based. The Court would also call the parties' attention to this Court's decision in Hogan v. Lukhard, 351 F.Supp. 1112 (D.C.1972) and to the basic question of whether the statutory scope of § 1983 encompasses an attack upon the validity of a state criminal conviction. Cf., Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In short the Court is concerned that there may be a gap under federal law, where a party who suffers certain adverse effects from a previous, unconstitutional conviction but does not meet the statutory requirements of habeas corpus, may not have a remedy to redress those effects. Because the parties have not yet addressed these concerns, the Court will withhold final decision on the defendant's motion to dismiss until the parties have had an opportunity to submit memoranda.

■ Finally, the Court will on its own motion grant an extension of time to the defendant Scott in which to file an answer, the reason being that a petition for a writ of habeas corpus requires a show cause order by the Court before any response is necessary, and by the nature of the original pleading,[2] the defendant Scott may properly have as-

---

2. The original pleading bore no style to identify it as either a complaint or a petition.

sumed that such an order would be forthcoming in this case.

An order in accordance with this memorandum will issue.