**Earl D. HARTS, Petitioner-Appellant,**

v.

**STATE OF INDIANA,
Respondent-Appellee.**

No. 83–2504.

United States Court of Appeals,
Seventh Circuit.

Submitted April 5, 1984.*

Decided April 20, 1984.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Earl D. Harts, pro se.

Richard E. Hagenmaier, Deputy Atty. Gen., Indianapolis, Ind., for respondent-appellee.

Before ESCHBACH, POSNER and COFFEY, Circuit Judges.

PER CURIAM.

Earl D. Harts appeals from the district court's denial of a writ of habeas corpus. Harts was convicted by an Indiana state court of refusing to submit to a breathalyzer test in violation of IND.CODE § 9–4–4.5–3 (1980) (repealed). The sentence for this refusal was a one year suspension of his driving privileges. The conviction and sentence were affirmed in all respects by the Court of Appeals of Indiana. *Harts v. State*, 441 N.E.2d 714 (Ind.App.1982).

■ The district court denied the petition for a writ of habeas corpus on the ground that Harts was not in custody within the meaning of 28 U.S.C. § 2254(a). Habeas corpus lies only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *Id. See also United States ex rel. Grundset v. Franzen*, 675 F.2d 870, 872 (7th Cir.1982). Harts raises ten issues for review by this court but we find it necessary to address only the issue of whether a one year suspension of driving privileges amounts to custody within 28 U.S.C. § 2254.

■ It is well settled that the custody requirement may be met even if the petitioner is not actually imprisoned. *See Jones v. Cunningham*, 371 U.S. 236, 83

S.Ct. 373, 9 L.Ed.2d 285 (1963); *Grundset, supra,* 675 F.2d at 872; *Arias v. Rogers,* 676 F.2d 1139, 1142 (7th Cir.1982); *Burris v. Ryan,* 397 F.2d 553, 555 (7th Cir.1968). Whether someone who is not under physical constraint can be considered in custody depends on the amount of restriction placed on his or her individual liberty. *See Hensley v. Municipal Court,* 411 U.S. 345, 349, 93 S.Ct. 1571, 1573, 36 L.Ed.2d 294 (1973). Thus, we have held that a prisoner, free on bail pending final disposition of his case, satisfied the "in custody" requirement. *Grundset, supra. See also Hensley v. Municipal Court, supra,* 411 U.S. at 351, 93 S.Ct. at 1574. Similarly, we have held that probation and parole may be "custody" for habeas corpus purposes. *See Drollinger v. Milligan,* 552 F.2d 1220, 1224 (7th Cir.1977) (probation); *United States ex rel. Baker v. Finkbeiner,* 551 F.2d 180, 182 n. 3 (7th Cir.1977) (parole). *See also Jones v. Cunningham, supra.*[1]

■ In *Jones v. Cunningham,* Justice Black wrote that conditions which "significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do ... are enough to invoke [habeas corpus]." *Id.,* 371 U.S. at 243, 83 S.Ct. at 377. Not every restraint on liberty, however, is significant enough to meet this test. We agree with the district court that the suspension of driving privileges in this case is not a severe enough restraint on liberty to be properly characterized as "custody." *See also Westberry v. Keith,* 434 F.2d 623, 624–25 (5th Cir.1970) ($250 fine and one year driver's license revocation not custody within 28 U.S.C. § 2254); *Whorley v. Brilhart,* 359 F.Supp. 539, 541–42 (E.D.Va.1973) (ten year license revocation not custody). We recognize that, in our society, loss of driving privileges may entail hardship. However, suspension of

---

**1.** A rationale governing these decisions appears to be the conditional nature of release; a violation of the conditions of bail, parole or probation may send the petitioner back to prison. Another recognized situation in which habeas corpus may lie even though the petitioner is not imprisoned due to the challenged conviction is where the conviction has collateral consequences such as sentence enhancement or delay of ultimate release from consecutive sentences. *See Harrison v. State,* 597 F.2d 115 (7th Cir. 1979). This case involves none of the above doctrines.

driving privileges is not the sort of "severe restraint[ ] on individual liberty" for which habeas corpus relief is reserved. *Hensley,* 411 U.S. at 353, 93 S.Ct. at 1575.

Because Harts is not "in custody" within the meaning of 28 U.S.C. § 2254 he is not entitled to invoke the federal habeas corpus jurisdiction. Therefore, the decision of the district court is affirmed.