**Evangelos D. LILLIOS,**
**Petitioner, Appellant,**

v.

**STATE OF NEW HAMPSHIRE, et al.,**
**Respondents, Appellees.**

**Evangelos D. LILLIOS,**
**Petitioner, Appellant,**

v.

**CONCORD DISTRICT COURT, et al.,**
**Respondents, Appellees.**

Nos. 86–1265, 86–1266.

United States Court of Appeals,
First Circuit.

Submitted April 10, 1986.
Decided April 14, 1986.

Evangelos D. Lillios, Concord, N.H., on Certificate of Probable Cause pro se.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

According to petitioner's habeas petitions, he received two vehicle speeding violations and incurred a $165.00 fine and 15 day license suspension in the first case and a $66.00 fine and 30 day license suspension in the second case. After the New Hampshire Supreme Court had rejected his appeals, petitioner filed the instant habeas petitions under 28 U.S.C. § 2254. Noting that a person must be "in custody" to invoke the remedy of habeas corpus and concluding that petitioner had not satisfied the custody requirement, *see Harts v. Indiana,* 732 F.2d 95 (9th Cir.1984) (one year suspension of driving license does not satisfy the "in custody" requirement); *Westberry v. Keith,* 434 F.2d 623 (5th Cir.1970) ($250 fine and one year license revocation); *see also Tinder v. Paula,* 725 F.2d 801, 804 (1st Cir.1984) (habeas is not available as a remedy for a fine-only conviction), the district court dismissed the petitions and denied certificates of probable cause. Petitioner now seeks certificates of probable cause from this court.

Petitioner, completely divorcing the case from its facts, reads *Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 104 S.Ct. 1805, 1810, 80 L.Ed.2d 311 (1984), to hold that all persons released on bail or on their own recognizance are in custody for habeas corpus purposes regardless whether or not they face any possibility of incarceration. Petitioner then points to cash register receipts referring to bail he posted pending his state court appeals and contends he has been released on bail and therefore is "in custody." Petitioner's state court appeals apparently have all been finally determined adversely to petitioner. But even if, at the time petitioner filed his § 2254 petitions, he was on "bail" in the sense that execution of his sentences calling for fines and license suspension had been stayed, nothing in *Lydon* —a case involving a defendant who, unlike petitioner, was awaiting bail and potentially faced incarceration if convicted—suggests that the modest fines and temporary suspension to which petitioner is subject render petitioner "in custody" for § 2254 purposes. Rather, we agree with those courts which have concluded that fines and suspensions of the amount here involved are not the sort of " 'severe[ ] restraint on individual liberty' for which habeas corpus relief is reserved." *Harts v. Indiana,* 732 F.2d 95, 97 (7th Cir.1984); *Westberry v. Keith,* 434 F.2d 623, 624–25 (5th Cir.1970).

The certificates of probable cause are denied and the appeals are terminated.