**Nick EUSCH**

v.

**Charles L. LEE, Probation and Parole Agent.**

**No. 88–C–486.**

United States District Court, E.D. Wisconsin.

July 29, 1988.

Nick Eusch, pro se.

### DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On May 20, 1988, I dismissed Mr. Eusch's petition for a writ of habeas corpus because he was not in custody nor was his liberty restrained when he filed his petition. On June 7, 1988, I denied his motion for reconsideration for the same reason. Mr. Eusch's notice of appeal was filed on June 13, 1988; I withheld a certificate of probable cause to appeal on June 17, 1988.

Mr. Eusch has now filed a second notice of appeal. Pursuant to Rule 22(b) of the Rules of Appellate Procedure, my duty is to issue a certificate of probable cause to appeal, or to state my reasons for withholding such a certificate.

A petitioner must make a "substantial showing of the denial of [a] federal right" before a certificate of probable cause will be issued. *Barefoot v. Estelle*, 463 U.S. 880, 883, 103 S.Ct. 3383, 3389–80, 27 L.Ed. 2d 1090 (1983), *citing Stewart v. Beto*, 454 F.2d 268, 270, n. 2 (5th Cir.1971), cert denied, 406 U.S. 925, 92 S.Ct. 1796, 32 L.Ed. 2d 126 (1972). This showing is established when the petitioner demonstrates that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463

---

U.S. at 893 n. 4, 103 S.Ct. at 3394 n. 4, citing *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga.1980).

I decline to issue a certificate of probable cause because Mr. Eusch has not met his burden of establishing the denial of a federal right. Mr. Eusch directs the court to *Carafas v. LaVallee*, 391 U.S. 234, 239, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968) in support of his proposition that since he continues to suffer the effects of his conviction he is entitled to habeas corpus relief; the collateral consequence of which he complains is that he is no longer held in esteem by his friends and future employers.

In *Carafas, supra*, the Supreme Court was faced with a situation totally distinct from Mr. Eusch's position. Mr. Carafas filed his habeas corpus petition while he was in the custody of the State of New York; his petition was denied on the merits. Mr. Carafas was unconditionally released from custody after the Supreme Court granted his petition for certiorari but *before* the Supreme Court could address his case. The State moved for the dismissal of the appeal on the basis of mootness. The Supreme Court found that his timely filed petition was *not* moot merely because he suffered from the consequences of his conviction. *Carafas*, 391 U.S. at 237, 88 S.Ct. at 1559. On the contrary, the Supreme Court stated that "[t]he federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed;" however, as long as jurisdiction properly attached in the district court, "it is not defeated by the release of the petitioner prior to completion of proceedings on such application." *Id.* at 238, 88 S.Ct. at 1560.

Mr. Eusch filed his petition for habeas corpus well after his term of probation expired on August 25, 1986. The fact that he suffers collateral effects of a conviction is irrelevant to the determination of whether his petition timely was filed. The type of injury complained by Mr. Eusch would be true of *any* person convicted of a serious crime; however, these collateral effects of his conviction do not amount to a serious restraint of his liberty. *See Harts v. State of Indiana*, 732 F.2d 95 (7th Cir. 1984) (suspension of driver's license is not a severe enough restraint on liberty so as to be characterized as "custody".)

The purpose of the writ of habeas corpus is "to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." *Carafas*, 391 U.S. at 238, 88 S.Ct. at 1560. The writ is not a tool to redress the collateral consequences of a conviction. In my opinion, it is unlikely that any reasonable jurist would reach a different result in connection Mr. Eusch's petition.

Therefore, IT IS ORDERED that the certificate of probable cause to appeal be and hereby is withheld.