**Dwight O. DOW, Petitioner,**

v.

**CIRCUIT COURT OF the FIRST CIRCUIT, et al., Defendants.**

**Civ. No. 91–00139 HMF.**

United States District Court,
D. Hawaii.

Dec. 13, 1991.

Earle A. Partington, Honolulu, Hawaii, for petitioner.

Keith Kaneshiro, Pros. Atty., Wallace W. Weatherwax, Deputy Pros. Atty., City and County of Honolulu, Honolulu, Hawaii, for defendants.

## ORDER DISMISSING PETITION FOR HABEAS CORPUS RELIEF

FONG, District Judge.

### INTRODUCTION

On March 7, 1991, Dwight O. Dow filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. On March 19, 1991, Magistrate Judge Daral Conklin executed an order to show cause pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and thereby required that the respondents file an answer to the petition. On April 19, 1991, respondents filed such an answer. Respondents also filed a Supplemental Answer on May 3, 1991. Finally, on May 9, 1991, petitioner filed a Traverse and Memorandum in Support of Petition.

### BACKGROUND

On February 29, 1989, petitioner was convicted of one count of driving under the influence, and acquitted of a second count. As a result, petitioner was given the following sentence: a fine of $250, driver's license suspension for 90 days, and 14 hours of alcohol rehabilitation class. Petitioner appealed his conviction to the Hawaii Intermediate Court of Appeals claiming a

violation of the double jeopardy clause. The Intermediate Court of Appeals reversed petitioner's conviction on this ground. This ruling was appealed to the Hawaii Supreme Court, and the Hawaii Supreme Court reversed the Intermediate Court of Appeal's double jeopardy ruling, 806 P.2d 402. The case was remanded back to the Intermediate Court of Appeals, which then affirmed petitioner's conviction.

Following this exhaustion of state appeals, petitioner filed the instant motion for habeas corpus relief in federal court, claiming that the state had violated the double jeopardy clause in obtaining his conviction. Because the court finds that it lacks jurisdiction to hear this petition, the court does not reach the merits of petitioner's claim.

## DISCUSSION

Section 2254 provides that

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Accordingly, this court only has jurisdiction to consider petitions by individuals who are actually "in custody" within the meaning of this statute.

Petitioner has not been sentenced to any jail time. He has, however, been required to pay a $250 fine, to attend 14 hours of alcohol rehabilitation classes, and to have his license suspended for 90 days. It is clear in this circuit, that the mere imposition of a fine, backed up by the threat of incarceration for non-payment, is not "custody" within the meaning of section 2254. See Dremann v. Francis, 828 F.2d 6 (9th Cir.1987) (no habeas relief available for attorney who was fined $500 for contempt of court and sentenced to jail for the lesser of three days or until he paid his fine).

Two other circuits have addressed the issue of drivers license suspensions, both finding that suspensions of up to one year do not amount to "custody" within the meaning of section 2254. See Harts v. State of Indiana, 732 F.2d 95 (7th Cir. 1984) (one year drivers license suspension not "custody" under § 2254); Westberry v. Keith, 434 F.2d 623, 624–25 (5th Cir.1970) ($250 fine and one year license revocation not custody within meaning of 28 U.S.C. § 2254); see also Whorley v. Brilhart, 359 F.Supp. 539, 541–42 (E.D.Va.1973) (ten year license revocation not custody).

Petitioner argues, however, that he is in custody because he was sentenced to a fourteen hour alcohol abuse rehabilitation program. Under this program, petitioner would be required to attend a one and one-half hour meeting with a Driver Improvement Advisor in the Advisor's office at the District Court of the First Circuit. Following this meeting, he would spend the remainder of the time attending classes at the District Court of the First Circuit. These classes would be held over either a three or five day period. Declaration of Pauline N. Namuo, pars. 3–4.

The three day program is held over three consecutive days—from 8:00 a.m. to 12:30 p.m. on the first day and from 8:00 a.m. to 12:00 noon on the next two days. Id. par. 5. The court was not informed of the scheduling of the 5 day class, but it would, presumably, be approximately 2½ hours per day over a five day period. Petitioner would be required to physically attend all class periods or face the issuance of a bench warrant.

The question presented to this court is whether this mandatory class attendance constitutes "custody" within the meaning of section 2254. The Supreme Court has held that conditions which "significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do ... are enough to invoke [habeas corpus]." Jones v. Cunningham, 371 U.S. 236 at 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963). However, as pointed out by the Court of Appeals for the Seventh Circuit in Harts, "[n]ot every restraint on liberty ... is significant enough to meet this test." 732 F.2d at 96.

Although attending alcohol rehabilitation classes does entail certain restrictions on personal liberty, the court notes the significant qualitative differences between attending such classes and incarceration. Unlike mandatory incarceration, petitioner is only required to attend the class for a few hours each day. In addition, petitioner has a fair amount of control over the scheduling of the classes—for example, he may opt for the 3 day program or the 5 day program, and presumably has some say as to which week he will attend the classes. In sum, petitioner's freedom remains substantially undiminished as he may, in effect, come and go as he pleases, so long as he does, at some point, attend one of the programs. In addition, the court notes that the short duration of the classes, a few hours each day for less than a week, mitigates against a finding that petitioner's liberty interests are significantly infringed.

The court finds that the mandatory class attendance for a few hours each day over a period of three or five days, is insufficient to constitute the kind of " 'severe restraint[ ] on individual liberty' for which habeas corpus relief is reserved." *Harts v. State of Indiana*, 732 F.2d at 97 (quoting *Hensley v. Municipal Court*, 411 U.S. 345, 353, 93 S.Ct. 1571, 1576, 36 L.Ed.2d 294 (1973)).

Because petitioner is not "in custody" within the meaning of section 2254, he is not entitled to invoke the federal habeas corpus jurisdiction. Accordingly, the petition for habeas corpus relief is DISMISSED.

IT IS SO ORDERED.