USCA1 Opinion

 

 August 20, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-2310 LAWRENCE KINGSLEY, Petitioner, Appellant, v. COMMONWEALTH OF MASSACHUSETTS, ET AL., Respondents, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ___________________ Dr. Lawrence Kingsley on brief pro se. _____________________ Scott Harshbarger, Attorney General, and Elisabeth J. __________________ _____________ Medvedow, Assistant Attorney General, on brief for appellees. ________ __________________ __________________ Per Curiam. Pro se petitioner Lawrence Kingsley __________ ___ __ appeals from the dismissal of his petition for relief from certain state court traffic convictions under 28 U.S.C. 2254. We have thoroughly reviewed the record and the parties' briefs on appeal. We are persuaded that this habeas petition was properly dismissed because Kingsley was not "in custody" when he filed it, therefore the district court lacked subject matter jurisdiction. See, e.g., United States ___ ____ _____________ v. Michaud, 901 F.2d 5,7 (1st Cir. 1990) (per curiam) ("A _______ monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for 2255 purposes); Lillios v. State of New Hampshire, 788 F.2d 60, 61 (1st Cir. _______ ______________________ 1986)(per curiam) (modest fines for speeding and license suspension "'not the sort of severe[] restraint on individual liberty' for which habeas corpus relief is reserved") (citations omitted); Tinder v. Paula, 725 F.2d 801, 804 (1st ______ _____ Cir. 1984). Judgment affirmed _________________ -2-