124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Russell E. BOYD, Petitioner-Appellant,
v.
Al C. PARKE,[1] Respondent-Appellee.
 No. 96-1247.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997*
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 95-CV-209; Allen Sharp, Judge.
 Before POSNER, Chief Judge, CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Russell E. Boyd, an inmate at the Indiana State Prison, appeals the district court's order dismissing his pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. In January 1994, a routine contraband search was conducted of Boyd's cell, which resulted in correctional officials locating a cloth knee brace that contained two metal pieces (braces) inside of it. One of the metal braces had a pattern cut into it and had also been sharpened so that it could be made into a weapon. At a disciplinary hearing, the Conduct Adjustment Board (CAB) found Boyd had violated Code B-218 of the Indiana Department of Correction Adult Disciplinary Policy Procedures (ADPP), possession of plans regarding a dangerous weapon, and sanctioned him with one year in disciplinary segregation. In the district court Boyd alleged the violation of his right to due process because he did not receive adequate notice of the violation. The district court held that the case was moot because Boyd had already served and been released from the one year of disciplinary segregation at the time he filed the habeas petition, and alternatively, that Boyd received all the constitutional protection he was entitled to receive. Boyd now appeals the district court's dismissal and we modify the judgment and affirm as modified.
 
 
 2
 The district court's conclusion that this case is moot because Boyd had fully served his one year in disciplinary segregation is incorrect. Boyd's petition for a writ of habeas corpus is not moot because collateral consequences from a disciplinary sanction are presumed and the burden of rebutting the presumption is on the Respondent. Sibron v. New York, 392 U.S. 40, 50-58 (1968); Bryan v. Duckworth, 88 F.3d 431, 433 (7th Cir.1996); D.S.A. v. Circuit Court Branch 1, 942 F.2d 1143, 1146 n. 3 (7th Cir.1991).
 
 
 3
 However, we must sua sponte raise the issue of whether the district court had jurisdiction over this case. Commercial Nat'l Bank of Chicago v. Demos, 18 F.3d 485, 487 (7th Cir.1994) ("That the parties have not contested, nor the district court considered jurisdiction does not impede our inquiry.... [W]e must consider the issue sua sponte when it appears from the record that jurisdiction is lacking."). The district court lacked jurisdiction because Boyd did not satisfy the "in custody" requirement of § 2254(a)[2] since he had been released from disciplinary segregation at the time he filed his petition. D.S.A., 942 F.2d at 1146 n. 3; Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Eusch v. Lee, 690 F.Supp. 773, 774 (E.D.Wis.1988) (stating that jurisdiction never properly attached in district court because the applicant was not in custody when the habeas petition was filed); compare Bryan, 88 F.3d at 432 (stating that Bryan brought his habeas action after exhausting his prison administrative remedies and while still confined in segregation ). Once a "sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng v. Cook, 490 U.S. 488, 492 (1989). Although these cases deal with "convictions" rather than disciplinary segregation they are sufficiently analogous. Therefore, we need not explore whether Boyd had a protected liberty interest under Sandin v. Conner, 115 S.Ct. 2293 (1995), and if so, whether he was afforded the minimum due process protection required under Wolff v. McDonnell, 418 U.S. 539, 563-72 (1974).
 
 
 4
 Accordingly, we MODIFY the judgment of the district court to dismiss the action for lack of jurisdiction, 28 U.S.C. § 2106, and AFFIRM the judgment as modified.
 
 
 
 [1]
 Boyd also named the Attorney General of Indiana as one of the respondents. This is improper, and we have dismissed him as a party. Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir.1996), cert. denied, 117 S.Ct. 1439 (1997); Cruz v. Warden of Dwight Correctional Center, 907 F.2d 665, 665 n. 1 (7th Cir.1990); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App. P. 34(a); Cir.R. 34(f)
 
 
 [2]
 The "in custody" requirement from § 2254(a) has not been changed by the recent amendment to the habeas corpus statute enacted under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No 104-132, 100 Stat. 1214. Therefore, this decision is not affected by the amendment