**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

LESLIE-LE-ROY: JONES,

    Petitioner-Appellant,

v.

VICTORY J. GRANT, Metropolitan Court
Judge; JERRY GALVIN, Chief of Police, City of
Albuquerque; JEFF ROMERO, District Attorney,
Bernalillo County; B.A. CHAVEZ, Chief Clerk,
Metropolitan Court; J. CASAUS, Clerk,
Metropolitan Court; GORDON EDEN, Director,
Motor Vehicle Division, New Mexico Taxation
and Revenue; BRIAN C. WICKETTS, Police
Officer, City of Albuquerque; PATRICIA A.
MADRID, Attorney General for the State of New
Mexico,

    Respondents-Appellees.

No. 00-2314
(D. N.M.)
(D.Ct. No. CIV-00-814-LH)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, McKAY,** and **BRORBY**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined

_____

    [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Leslie Leroy Jones, appearing *pro se*, appeals the district court's decision denying his petition filed pursuant to 28 U.S.C. § 2254 for lack of subject matter jurisdiction. We deny Mr. Jones' request for a certificate of appealability and dismiss his appeal.

In his § 2254 petition, Mr. Jones sought relief from a state agency's administrative suspension of his New Mexico driver's license and from warrants issued after his failure to appear for hearings in the City of Albuquerque Metropolitan Court. Although Mr. Jones was not incarcerated, he contended he was in "constructive custody" for purposes of habeas corpus jurisdiction. In addition, Mr. Jones complained that the Metropolitan Court Clerk had refused to instruct the proper state authority to reinstate his license and instead told him he should "just plead guilty and pay the fines, costs and warrant fees" if he wanted to get his driver's license back.

The district court *sua sponte* denied Mr. Jones' petition for lack of subject

matter jurisdiction after determining Mr. Jones was not in custody as required under 28 U.S.C. § 2254(a). Thereafter, Mr. Jones filed a motion for reconsideration, which the district court denied.

On appeal, Mr. Jones continues to claim he is in "constructive custody" for the purposes of habeas relief because he was "in court," and officials suspended his driver's license and issued outstanding warrants. In support, Mr. Jones relies on various Supreme Court decisions cases which he contends support his position and notes the state authorities that refused to reinstate his driver's license, have threatened to arrest him if he fails to plead guilty and pay the assessed fines. In addition, Mr. Jones claims the district court erred in dismissing his petition because it: 1) "did not analyze [his] pro se petition alternatively as a civil rights action under 42 U.S.C. [§] 1983," and 2) committed fraud by failing to analyze his case on the merits, provide him a copy of an unpublished opinion it cited, or find that he is "in custody." The remaining issues Mr. Jones raises on appeal primarily concern the merits of his petition and the district court's failure to address those issues.

"The determination of the district court's subject matter jurisdiction is a question of law which we review de novo." *United States v. Blackwell*, 81 F.3d

945, 947 (10th Cir. 1996) (quotation marks and citation omitted).  We agree with the district court's conclusion that it lacked subject matter jurisdiction to grant Mr. Jones habeas relief.  As the district court correctly pointed out, suspension or revocation of his driver's license does not render Mr. Jones "in custody" for the purposes of § 2254.  *See Lillios v. New Hampshire*, 788 F.2d 60, 61 (1st Cir. 1986) (per curiam); *Harts v. Indiana*, 732 F.2d 95, 96-97 (7th Cir. 1984) (per curiam); *Westberry v. Keith*, 434 F.2d 623, 624-25 (5th Cir. 1970) (per curiam). Moreover, we agree that an arrest warrant for refusal to pay a fine does not amount to "custody" within the meaning of § 2254.  *See Spring v. Caldwell*, 692 F.2d 994, 999 (5th Cir. 1982).  Because 28 U.S.C. § 2254(a) requires the petitioner to be in "custody," the district court lacked subject matter jurisdiction over Mr. Jones' petition and therefore, it could not consider the merits of Mr. Jones' claims therein.

As to Mr. Jones' other contentions on appeal, they simply lack merit.  First, nothing in the record suggests the district court somehow committed fraud because it failed to analyze his case on its merits, provide him a copy of an unpublished opinion, or find that he is "in custody."  Second, the Supreme Court decisions cited by Mr. Jones either do not support his position or are distinguishable on their facts.  Lastly, the district court did not err by failing to

-4-

construe Mr. Jones' petition as a § 1983 complaint. A review of the record shows Mr. Jones is not seeking civil damages against any state officials, but rather is claiming suspension of his driver's license was improper, as evidenced by his request for reinstatement of his suspended driver's licence. Even if Mr. Jones sought declaratory relief and money damages against certain city and state officials, the Supreme Court has held a claim is not cognizable under § 1983 if it implies the invalidity of the punishment imposed. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

In order for this court to grant a certificate of appealability, Mr. Jones must make a substantial showing of the denial of a constitutional rights as required under 28 U.S.C. § 2253(c)(2) and *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Mr. Jones fails to make the requisite showing.

For these and substantially the same reasons articulated in the district court's June 28, 2000 Memorandum Opinion and Order of Dismissal, we deny Mr. Jones' request for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-5-