UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2006[*]
Decided July 14, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-3281

| | |
|---|---|
| ROBERT C. THOMAS,<br>    *Petitioner-Appellant,*<br><br>    *v.*<br><br>JOHN E. ZARUBA, Sheriff of<br>DuPage County, Illinois,<br>    *Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 01 C 646<br><br>Rebecca R. Pallmeyer,<br>*Judge.* |

**O R D E R**

Robert Thomas filed a habeas corpus petition, 28 U.S.C. § 2254, in January 2001, arguing that his 1998 Illinois state conviction for driving while his license was revoked should be set aside. The district court, though, dismissed the petition on its own motion because it determined that Thomas was not in custody when he filed

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

the petition; the court determined that his 24-month term of probation "had completely expired" prior to January 2001.  Thomas asked the court to reinstate the petition, insisting that he was still subject to a term of probation because the state filed a petition to revoke probation in July 1998.  The court denied his request, but we summarily vacated the court's order and remanded the case for a determination of whether the state's revocation petition was pending in January 2001.  *See Thomas v. Zaruba*, No. 02-1060 (7th Cir. Apr. 22, 2002).

On remand, the district court conducted an evidentiary hearing.  Rather than limit its inquiry to determining whether the revocation petition was pending, the court interpreted our order to direct an analysis of whether the conditions of Thomas's probation (during the pendency of the revocation petition) rose to the level of custody.  The conditions did not, the court found, and thus it dismissed Thomas's § 2254 petition a second time.  Our concern, however, was not with the limitations on Thomas's liberty.  When Thomas first sought our review, the record on appeal did not reveal the status of the revocation petition, and thus we were unable to judge the veracity of his assertion that he was in custody when he filed his § 2254 petition.  If the revocation petition was pending, we observed in our order, the expiration of Thomas's probation was tolled, *see* 730 Ill. Comp. Stat. 5/5-6-4(a), and thus, as a probationer, he remained in custody for purposes of pursuing relief under § 2254, *see Maleng v. Cook*, 490 U.S. 488, 491 (1989); *Cates v. Superintendent, Ind. Youth Ctr.*, 981 F.2d 949, 952 (7th Cir. 1992).

The district court's order on remand confirms that Thomas was in custody at the time he filed his § 2254 petition.  The court remarked that "[i]t is undisputed that on January 30, 2001, when Thomas filed his habeas petition, the Illinois court had not yet disposed of the state's petition to revoke probation."  The State's Attorney who handled the revocation petition until January 2002 also testified that "[u]ntil an order is entered terminating [Thomas] from probation by the court that has him on probation, in my opinion he is still on probation," and that, to his knowledge, no such order had been issued.  Though the district court observed that Thomas "flouted the terms of his sentence" of probation, he was nevertheless subject to the terms of probation as a matter of law, including the possibility that the state could subject him to physical custody for a probation violation that is not otherwise a crime, and thus in custody.  *See Jones v. Cunningham*, 371 U.S. 236, 242 (1963) (describing the restrictions imposed by parole that constitute custody, including the threat that the parolee may be returned to physical custody); *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004); *Harts v. State of Ind.*, 732 F.2d 95, 96 n.1 (7th Cir. 1984) ("A rationale governing these decisions appears to be the conditional nature of release; a violation of the conditions of bail, parole or probation may send the petitioner back to prison.").  It was error, therefore, to dismiss the petition.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("in custody" provision of § 2254 requires only that petitioner is "in custody" at time petition is filed).

Accordingly, we VACATE the order of the district court and REMAND the case for consideration of Thomas's properly presented claims.